IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VALERIE ELAINE KING                                                                                     PLAINTIFF
ADC #703258

V.                                     NO.  4:07CV01107 JLH-JWC

MS. SMITH, et al                                                                                       DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## II. Recommended Disposition

On November 14, 2007, Plaintiff, a pro se inmate confined to the McPherson Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1). Plaintiff did not submit the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. So that the Court could determine how the $350.00 filing fee would be paid, by order entered November 27, 2007 (docket entry #2), Plaintiff was directed to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility. Plaintiff was directed to file either the full fee or the completed in forma pauperis application on or before December 28, 2007. In addition, the Court noted that Plaintiff had named as a Defendant the Pulaski County Jail and medical staff. Plaintiff was first advised that the jail itself was not an entity subject to suit.[1] Second, with respect to those parties identified only as "medical staff,"

---

[1] A county jail is not a proper entity to sue under § 1983. Russell v. Mobile County Sheriff, No. CIV. A. 00-0410CBC, 2000 WL 1848470, at *2 (S.D. Ala., Nov. 20, 2000) (a subdivision of a

Plaintiff was advised that she should attempt to determine the identity of these individuals through the use of discovery once service was perfected on Defendant Smith and she had made an appearance. Plaintiff was advised that if no motion to amend or join the identified parties as Defendants was made within one hundred twenty (120) days, subject to an extension for good cause, the Court would recommend dismissal of the "medical staff" Defendants.

The Court's November 27, 2007, order has not been returned and no responsive filing of any kind has been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to her personally the same day as entered at her last given address at the McPherson Unit. Under the circumstances, this case should be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and her failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well

---

sheriff's department, such as the jail, is not a legal entity that can be sued); Marsden v. Fed. Bhd. of Police, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (stating same); see also Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (police department is not suable entity, but rather is department or subdivision of city government).

settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 8th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.